STATE of Wisconsin, Plaintiff-Respondent,

v.

William E. KASTNER, Defendant-Appellant.†

Court of Appeals

*No. 89-2160-CR. Submitted on briefs April 3, 1990.—Decided April 19, 1990.*

(Also reported in 457 N.W.2d 331.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Robert P. VanDeHey* of *Hoskins, Brown, Kalnins & McNamara* of Lancaster.

For the plaintiff-respondent the cause was submitted on the brief of *Anthony J. Pozorski* of *Grant County District Attorney's Office* of Lancaster.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J. William E. Kastner appeals from a judgment of conviction and an order denying his post-conviction motion. He raises a single issue: whether felony convictions in two cases in which he had been waived from juvenile court into adult court may be used as the basis for a repeater allegation in a subsequent prosecution in light of sec. 939.62(3), Stats., which excludes offenses "handled through" juvenile court proceedings from use in determining repeater status. We conclude that Kastner was properly sentenced as a repeater, and we therefore affirm the judgment and order.

The facts are undisputed and may be simply stated. In December, 1988, when Kastner was sixteen years old, he was waived into adult court to face two felony charges. He was convicted of both felonies pursuant to a plea agreement, and the trial court withheld sentence and placed him on probation. Shortly thereafter, his probation was revoked when he absconded from a jail work release program and committed other crimes. He was returned to court for sentencing on the felony charges and received concurrent one-year prison terms on each.

Kastner, still a minor, was again waived into adult court and charged with two misdemeanors for the

offenses he committed while on probation. Both charges carried repeater allegations and, upon his conviction, the court sentenced him to the maximum enhanced term—three years imprisonment—on each count, the sentences to run consecutive to each other but concurrent with the sentences imposed for the earlier convictions. Kastner filed a postconviction motion challenging the use of the earlier convictions as the basis for the repeater enhancement of the subsequent sentences and the trial court denied the motion.

The issue is one of statutory construction. It is a question of law, which we decide independently, owing no deference to the trial court's decision. *Richards v. Cullen,* 150 Wis. 2d 935, 939, 442 N.W.2d 574, 576 (Ct. App. 1989).

The repeater law, sec. 939.62, Stats., prevents "offenses handled through court proceedings under ch. 48," Stats., from being utilized as a basis for a repeater allegation. Citing *Black's Law Dictionary* 644 (5th ed. 1979), Kastner argues first that because the word "handle" is defined as "to deal with, to act upon, to perform some function with regard to or to have passed through one's hands," his earlier crimes, which were initially charged in juvenile court, must have been "handled" under ch. 48 and thus cannot trigger the repeater provisions of sec. 939.62. We disagree.

We have no quarrel with Kastner's resort to a dictionary. Section 990.01(1), Stats., tells us that statutory words and phrases are to be construed according to "common and approved usage," and courts have long recognized that "[t]he common and approved meaning of a word can be established by reference to a recognized dictionary." *In Interest of B.M.,* 101 Wis. 2d 12, 18, 303 N.W.2d 601, 605 (1981). We only note that, in addition

to the concepts listed by Kastner, the definition of "handle" also includes to "dispose of." *Webster's Third New International Dictionary* 1027 (1976). And, considering these definitions, we are satisfied that Kastner's case was not "handled" in or by the juvenile court within the meaning of the repeater statute.

The waiver hearing is not part of a delinquency proceeding. *In Interest of T.M.J.*, 110 Wis. 2d 7, 11, 327 N.W.2d 198, 201 (Ct. App. 1982). "[I]f a waiver petition has been filed, then 'delinquency proceedings' do not begin until the waiver hearing has taken place and jurisdiction has been retained." *Id.* Under sec. 48.18, Stats., which governs waiver, the court considers the nature and seriousness of the charge, its prosecutive merit, and the juvenile's personality and prior record and the adequacy of juvenile facilities and services. Thus, the juvenile court's only function in a waiver proceeding is to look at various aspects of the case to determine whether juvenile jurisdiction should be exercised. If the answer is "yes," the juvenile proceedings commence. If the answer is "no"—if juvenile jurisdiction is waived—the case is sent to adult court for charging, arraignment and further proceedings.

Acting in that capacity, the juvenile court does not in any way "deal with" or "act upon" or "dispose of" the charges. In short, it does not "handle" the case within the meaning of sec. 939.62(3), Stats. The case is "handled" by the adult court to which the proceedings are transferred. We conclude, therefore, that sec. 939.62(3) does not bar use of Kastner's prior convictions to support the repeater enhancement of the 1989 charges.[*] The

---

[*]In so holding, we reject Kastner's argument that our interpretation renders superfluous other language in the stat-

special treatment the law accords to juveniles should not be available to those juveniles who commit crimes for which the juvenile court properly waives jurisdiction.

*By the Court.*—Judgment and order affirmed.

ute—notably the definition of "repeater" in sec. 939.62(2), Stats., as a person "convicted of a felony" within the preceding five years. The argument is based on the fact that because juvenile proceedings are noncriminal, no juvenile offender tried in juvenile court can be a person convicted of a felony.

We see no conflict, and no superfluousness, in the two provisions. Section 939.62(2), Stats., is the general definition of a repeater, and the ch. 48 exception in sec. 939.62(3) simply makes it clear that in no case are juvenile—or traffic—offenses to be the basis for repeater allegations.